10-371-cr
United States v. L.M.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**AMENDED SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of January, two thousand and twelve.

PRESENT: JOSEPH M. McLAUGHLIN,
         JOSÉ A. CABRANES,
         RICHARD C. WESLEY,
                 *Circuit Judges.*

_____

L.M.,*

                 *Defendant-Appellant,*

        -v.-                                    10-371-cr

UNITED STATES OF AMERICA,

                 *Appellee.*
_____

FOR APPELLANT:      ELIZABETH E. MACEDONIO, Bayside, New
                    York.

---

\* By a motion dated January 4, 2012, the appellant requested that any order of this Court with regard to this case appear under the caption "*L.M. v. United States*" and that the name of the appellant not be specified. The government has not opposed the motion. The motion is granted.

FOR APPELLEE:       BURTON T. RYAN, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Platt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment imposing an incarceratory sentence of one year and one day is **VACATED**. We **REMAND** for resentencing proceedings consistent with this order.

L.M. appeals from a judgement of the United States District Court for the Eastern District of New York imposing an incarceratory sentence of one year and one day. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**BACKGROUND**

The facts here are undisputed. L.M. began distributing marijuana in the 1980s. He eventually came to the attention of law enforcement, who executed a search warrant on his home and confiscated ten pounds of marijuana.

That arrest was the genesis of a long and fruitful cooperation with authorities. L.M. provided information that led to the arrests and successful prosecutions of a

number of large-scale international drug dealers. In addition, he recorded his conversations with various members of drug distribution organizations and made himself available as a trial witness. Because of his extensive assistance to law enforcement, L.M. received a number of credible threats of violence; to ensure his safety, authorities installed a panic button in his home. As the government conceded at oral argument, L.M. "uniquely earned" the government's motion pursuant to Section 5K1.1 of the United States Sentencing Guidelines urging a downward departure.

Letters submitted on L.M.'s behalf, if credited, show that his arrest also marked the beginning of an admirable personal transformation. In the nearly *seventeen* years that have elapsed since his arrest, he has built both a family and a business. His wife of twenty-seven years describes him as a devoted husband and a loving father to their four children, and a colleague reports that L.M. is a widely-respected and fair boss who dramatically reduced his own salary in the economic downturn to avoid laying off employees. Further, letters from L.M.'s father and sister describe L.M. as a compassionate son and brother, a man who cared for them through their long illnesses.

L.M. pleaded guilty to one count of conspiracy to distribute marijuana and one count of filing a false tax return.  The suggested Guidelines range was forty-six to fifty-seven months of incarceration.  With little explanation, the district court imposed an incarceratory sentence of one year and one day.  Two weeks later, L.M. filed a motion for reconsideration, which the district court denied.  L.M. now appeals the district court's sentence as procedurally and substantively unreasonable.

**DISCUSSION**

We review the sentence imposed by the district court to ascertain whether it is reasonable.  *Gall v. United States,* 552 U.S. 38, 46-47 (2007); *United States v. Cavera*, 550 F.3d 180, 187-88 (2d Cir. 2008) (*en banc*).  Reasonableness review is "akin to review for abuse of discretion."  *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).  Our review for reasonableness has both procedural and substantive components.  *See, e.g.*, *Cavera*, 550 F.3d at 189.

L.M. first contends that his sentence is procedurally unreasonable for two principal reasons: (1) the district court did not properly consider the factors set forth in 18 U.S.C. § 3553(a) in fashioning its sentence; and (2) the district court did not adequately explain its sentence as

4

mandated by 18 U.S.C. § 3553(c).  We address only the second argument here.  A sentence is procedurally unreasonable if, among other things, the lower court fails to adequately explain the basis for the sentence it imposed.  *See, e.g.*, *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). Requiring the district court to articulate the reasons for its sentence (1) "helps to ensure that [it] actually consider[s] the statutory factors and reach[es] [a] reasoned decision[]"; (2) "promote[s] the perception of fair sentencing"; and, most importantly, (3) assures "meaningful appellate review."  *Cavera*, 550 F.3d at 193 (internal quotation marks omitted).

The district court did not adequately explain its sentence.  Particularly troubling, given the passage of fifteen years between L.M.'s arrest and sentencing, is the court's failure to discuss the extent to which it considered evidence of L.M.'s rehabilitation in fashioning its sentence.  *See United States v. Hernandez*, 604 F.3d 48, 55 n.4 (2d Cir. 2010).  Of course, the district court simply might not have credited L.M.'s claims of rehabilitation, *see* *United States v. Preacely*, 628 F.3d 72, 85 (2d Cir. 2010) (Lynch, J., concurring), or it might have believed the seriousness of L.M.'s crime outweighed even the most

5

compelling evidence of rehabilitation.  However, given the paucity of the district court's explanation, we cannot be sure that the district court arrived at a reasoned decision over which we can meaningfully exercise appellate review. For this reason, we vacate the sentence imposed by the district court as procedurally unreasonable.

Because we determine that the sentence imposed on L.M. is procedurally unreasonable, we do not address the thorny issue of whether, under the unique circumstances of this case, an incarceratory sentence of one year and one day is substantively unreasonable.  On remand, the district court shall have plenary authority to impose a sentence consistent with law.  We further elect to remand in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).  Either party may restore jurisdiction to this Court to consider whatever arguments remain or arise relating to L.M.'s resentencing by sending a letter to the Clerk of the Court within 14 days of the district court's decision.  Any such proceedings will be assigned to this panel.

After a thorough and searching review of the record, we find L.M.'s remaining arguments to be meritless.

For the foregoing reasons, the judgment of the district court imposing an incarceratory sentence of one year and one day is hereby **VACATED**.  We **REMAND** for resentencing proceedings consistent with this order.  The mandate shall issue forthwith.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

7